Sarah Ferguson (NSBN 14515)
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
SFerguson@parsonsbehle.com

Christina Jepson (*Pro Hac Vice Application Forthcoming*)
Hannah J. Ector (*Pro Hac Vice Application Forthcoming*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone ( 801) 532-1234
CJepson@parsonsbehle.com
HEctor@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant*
*Robinson Nevada Mining Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA HANSEN, individually and on behalf of other similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBINSON NEVADA MINING COMPANY,<br><br>    Defendant. | Case No. 2:25-cv-01237-RFB-NJK<br><br><br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** |

Defendant Robinson Nevada Mining Company ("Robinson") by and through undersigned counsel of record, Sarah Ferguson of Parsons Behle & Latimer, respectfully moves this Court to stay discovery in this matter pending resolution of Robinson's motion to dismiss Plaintiff Dakota Hansen's Complaint (ECF No. 1).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

Robinson operates a copper mine in White Pine County, Nevada, a mine that is the engine of the local economy. Dakota Hansen, the named Plaintiff in this case, was employed by Robinson

PARSONS
BEHLE &
LATIMER

as an equipment operator from July 2020 through March 2024. Robinson terminated Hansen after he threatened to drive a dozer through the mine's administrative building and alluded to stabbing or killing his direct supervisors. A protective order was subsequently granted against Hansen in September 2024.

In July 2025, Hansen filed an "Original Class and Collective Action Complaint and Demand for Jury Trial" against Robinson, alleging one count under the Fair Labor Standards Act and three counts under Nevada wages and hours law. ECF No. 1.  Specifically, Hansen claims he and others similarly situated were not paid overtime under the Fair Labor Standards Act ("FLSA") for time spent donning and doffing safety protection such as hard hats, reflective clothing, ear protection, steel toed boots, safety glasses, and gloves. Compl. ¶¶ 51, 128-134 (Count I). He also claims Robinson failed to take into account nondiscretionary bonuses in the calculation of overtime pay. Compl. ¶¶ 82, 128-134 (Count I). Hansen raises the same claims under Nevada wages and hour laws. Compl. ¶¶ 135-152, 159-170 (Counts IV and V). Finally, Hansen claims he and others similarly situated were not paid minimum wage under Nevada law. Compl. ¶¶ 153-158 (Count III).

Robinson filed a Motion to Dismiss Hansen's complaint concurrently seeking dismissal of Hansen's complaint in its entirety (the "Motion"). Because granting the motion to dismiss would dispose of all claims, Robinson moves this Court to stay all discovery in this matter until the motion to dismiss is decided.

## II.    LEGAL STANDARD

This Court has "wide discretion" to determine whether a stay is appropriate. *Flynn v. Nev.*, 345 F.R.D. 338, 343 (D. Nev. 2024) (*citing Little v. City of Seattle¸* 863 F.2d 681, 685 (9th Cir. 1988)) (internal quotation marks omitted). Discovery may be stayed when the moving party shows: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

## III.    ARGUMENT

The Motion seeks dismissal of all causes of action in Hansen's complaint under Rule

PARSONS
BEHLE &
LATIMER

2

12(b)(6). Thus, it is clearly dispositive. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). Further, the Motion will necessarily be determined without need for additional discovery, as "[i]n considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007), *aff'd in part, dismissed in part sub nom. Tracy v. U.S. Dep't of Treasury*, 301 F. App'x 675 (9th Cir. 2008) (citation omitted). Thus, the only remaining question for this Court is whether, after a "preliminary peek," the Court is convinced that Hansen will be unable to state a claim for relief. *Id.*

Even if the Court does not agree that Robinson is likely to succeed on every aspect of its Motion, it is clear the federal claims are insufficiently plead to withstand dismissal. A motion which would result in "no claims proceeding in the federal court" should also be considered dispositive under these circumstances. *See Longmore v. HomeXpress Mortg. Corp.*, No. 2:25-CV-01332-RFB-EJY, 2025 WL 2926890, at *1 (D. Nev. Oct. 14, 2025); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (generally "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); 28 U.S.C. § 1367(c)(3). Accordingly, this Court should stay this matter until after determination of the Motion.

**A.    Hansen Cannot State a Claim for Failure to Pay Overtime under the FLSA (Count I).**

Hansen cannot state a claim for unpaid overtime under the FLSA because the activities he alleges went unpaid are not compensable as a matter of law in this Circuit. Donning and doffing of a "hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, gloves" (Compl., ¶ 51) is simply not compensable time under the FLSA because those activities are *de minimis*. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 904 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005) (donning and doffing of "non-unique protective gear such as hardhats and safety goggles" *de minimis* as a matter of law);

*see also* Motion at § A(1). Not a single court in this Circuit has concluded otherwise and indeed many other courts have found plaintiffs like Hansen failed to state a claim for unpaid wages under these circumstances. *Id.* (citing *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 594 (2d Cir. 2007); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1126, n.1 (10th Cir.1994); *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 400 (5th Cir. 2020); *Levias v. Pac. Mar. Ass'n*, 760 F. Supp. 2d 1036, 1057 (W.D. Wash. 2011); *White v. Tip Top Poultry, Inc.*, No. 4:07-CV-101-HLM, 2008 WL 11470959, at *16 (N.D. Ga. Sept. 16, 2008)).

Nor can Hansen state a claim under the FLSA because alleged "nondiscretionary bonuses" under C.F.R. § 778.211(b) were not factored into the overtime calculation. Hansen has not alleged a single instance where an alleged "nondiscretionary bonus" was received, nor where an alleged "nondiscretionary bonus" was not factored into the overtime rate. ECF No. 17 at § A(2). Courts routinely dismiss FLSA claims under Rule 12(b)(6) when a plaintiff is unable to identify any specific instance of a violation, as Hansen has failed to do here with respect to discretionary bonuses. *Edwards v. Costco Wholesale Corp.*, No. CV 21-716 MWF (KKX), 2021 WL 3579152, at *4 (C.D. Cal. May 24, 2021) (no identification of wages employer failed to pay); *Duran v. Maxim Healthcare Servs. Inc.,* No. CV 17-01072-AB (EX), 2018 WL 5915644, at *3 (C.D. Cal. Mar. 9, 2018) (Plaintiff does not allege a single instance of working through an unpaid break); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) ("Plaintiff does not identify a single deficient wage statement").

**B.      Hansen Cannot State a Claim for Failure to Pay Minimum Wage under Nevada Law (Count III).**

Even taking Hansen's allegations as true, Hansen earned far more than Nevada's minimum wage during the relevant time period ($10.25 to $12.00 per hour). ECF No. 17 at § C(1). In fact, based on Hansen's allegations (which by his own admission overestimate the alleged "unpaid" time), Hansen earned nearly three times Nevada's minimum wage. *Id.* Hansen cannot be a class representative under this cause of action (*see* Fed. R. Civ. P. 23(a)(1)(3); Nev. R. Civ. P. 23(a)(1)(3)), but even if he could, he provided no information whatsoever regarding other employees' rate of pay that would plausibly suggest any other employee was not paid overtime.

PARSONS
BEHLE &
LATIMER

**C.    Hansen Cannot State a Claim for Failure to Pay Hours Worked or Overtime under Nevada Law (Counts II-IV).**

Hansen cannot make out a claim for overtime or unpaid time under state law for the same reason he cannot make out these claims under the FLSA – namely, because time spent donning and doffing is not compensable. *See* ECF No. 17 at § C(2); (D). What is more, the Nevada law explicitly excludes from wages "any bonus or arrangement to share profits." NRS § 608.012. Thus, in addition to the reasons noted above regarding Count I, Hansen's state-law overtime claims fail to the extent they rest on Hansen's theory that "nondiscretionary bonuses" should have been included in the overtime calculation under Nevada law.

## IV.    CONCLUSION

For the reasons outlined above and in the Motion, Robinson respectfully requests this Court enter a stay of discovery until after resolution of the Motion consistent with the overarching policy of Rule 1 of the Federal Rules of Civil Procedure.

DATED this 18th day of November, 2025.

PARSONS BEHLE & LATIMER

*/s/ Sarah Ferguson*
Sarah Ferguson (NSBN 14515)
50 W. Liberty Street, Suite 750
Reno, NV 89501
Telephone: (775) 323-1601
SFerguson@parsonsbehle.com

Christina Jepson
(*Pro Hac Vice Application Forthcoming*)
Hannah J. Ector
(*Pro Hac Vice Application Forthcoming*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone ( 801) 5321234
CJepson@parsonsbehle.com
HEctor@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of Parsons Behle & Latimer, and that on this 18th day of November, 2025, I filed a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** with the Clerk of the Court through the CM/ECF system which sent electronic notification to the following:

Esther C. Rodriguez (NSBN 006473)
RODRIGUEZ LAW OFFICES, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
info@rodriguezlaw.com

Alyssa J. White (TSBN 24073014)
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston TX  77046
awhite@mybackwages.com

*Attorneys for Plaintiff*

 /s/ *Nancy A. Prout*
Employee of Parsons Behle & Latimer

PARSONS
BEHLE &
LATIMER

6