Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Alyssa J. White
TX Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
awhite@mybackwages.com

*Attorneys for Plaintiffs and the Hourly Employees*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA HANSEN and ROBERT CHRISTENSEN, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINSON NEVADA MINING COMPANY,<br><br>Defendant. | **Case No.** 2:25-cv-01237-RFB-NJK<br><br>**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);<br><br>(2) Failure to Pay for All Hours Worked Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.016);<br><br>(3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution; and<br><br>(4) Failure to Pay Overtime under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.018).<br><br>(5) Failure to Timely Pay All Wages Due and Owing Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.020-050). |

(6) Unlawful deduction for Special uniforms, accessories and cleaning Under Nevada Law (Nev. Rev. Stat. § 608.165).

## AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Dakota Hansen (Hansen) and Robert Christensen (Christensen) (collectively Plaintiffs) bring this class and collective action to recover unpaid wages and other damages from Robinson Nevada Mining Company (Robinson) for violations of the Fair Labor Standards Act (FLSA) and Nevada law.

2. Robinson employed Plaintiffs as two of its Hourly Employees (defined below).

3. Robinson pays Plaintiffs and the other Hourly Employees by the hour.

4. Plaintiffs and the other Hourly Employees regularly work more than 40 hours a workweek.

5. However, Robinson does not pay Plaintiffs and the other Hourly Employees for all their hours worked, including overtime hours.

6. Rather, Robinson requires the Hourly Employees to suit out in protective clothing and safety gear necessary to perform their job duties "off the clock," on its premises, prior to the start of their shifts.

7. Likewise, Robinson requires the Hourly Employees to change out of their safety gear and protective clothing "off the clock," while still on its premises following the end of their shifts (¶¶ 6 and 7 collectively Robinson's "pre/post shift off the clock policy").

8. But Robinson does not pay the Hourly Employees for this time before and after their shifts.

9. Robinson's pre/post shift off the clock policy violates the FLSA and Nevada law by depriving the Hourly Employees of wages, including overtime wages, for hours worked.

10.    Likewise, Robinson's pre/post shift off the clock policy violates Nevada Law by depriving the Hourly Employees of timely payment of earned wages for all hours worked upon termination of employment.

11.    In addition to failing to pay the Hourly Employees for all their hours worked, Robinson also fails to pay them overtime wages at the required premium rates.

12.    Instead, Robinson pays them non-discretionary bonuses, including production bonuses, safety bonuses, gainshare bonuses, and referral bonuses calculated based on factors established by Robinson, including the number of hours worked, but fails to include these non-discretionary bonuses in their regular rates of pay for overtime purposes (Robinson's "bonus pay scheme").

13.    Robinson's bonus pay scheme violates the FLSA and Nevada law by depriving Plaintiffs and the other Hourly Employees of overtime at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 a workweek.

14.    Likewise, Robinson's bonus pay scheme violates Nevada law by depriving Plaintiffs and the other Hourly Employees of timely payment of earned wages for all hours worked, including overtime hours, upon termination of their employment.

15.    Finally, Robinson deducts earned wages from the Hourly Employees each pay period for uniforms its provides, as well as the cleaning of the uniforms, in violation of Nevada law (Robinson's "uniform deduction policy").

## JURISDICTION & VENUE

16.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

17.    This Court has supplemental jurisdiction of the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

18.    This Court has general personal jurisdiction over Robinson because Robinson is a domestic corporation and maintains its principal place of business in Nevada.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

19.    Venue is proper because Robinson maintains its principal place of business in White Pine County, Nevada, which is in the District of Nevada. *See* 28 U.S.C. § 1391(b)(1).

**PARTIES**

20.    Robinson employed Hansen in its Robinson Mine from approximately July 2020 until March 2024.

21.    Robinson employed Christensen in its Robinson Mine from approximately April 2018 until June 2025.

22.    Robinson classified Plaintiffs as non-exempt and paid them by the hour.

23.    Robinson subjected Plaintiffs to its pre/post shift off the clock policy, bonus pay scheme, and uniform deduction policy.

24.    Hansen's written consent was filed as Exhibit 1 to the Original Complaint.

25.    Christensen's written consent was filed in this matter on July 11, 2025.

26.    Plaintiffs bring this class and collective action on behalf of themselves and other similarly situated Robinson employees who were also subject to Robinson's pre/post shift off the clock policy, uniform deduction policy, and/or bonus pay scheme.

27.    The FLSA collective of similarly situated employees is defined as:

**All hourly Robinson employees during the past 3 years through final resolution of this action ("FLSA Collective Members").**

28.    Plaintiffs also seek to represent a class under Nevada law pursuant to FED. R. CIV. P. 23.

29.    The Nevada Class of similarly situated employees is defined as:

**All hourly Robinson employees during the past 4 years in Nevada through final resolution of this action ("Nevada Class Members").**

30.    The FLSA Collective Members and Nevada Class Members are collectively referred to as the "Hourly Employees."

31.    Robinson is a Nevada corporation.

- 4 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

32.     Robinson has been served with process and has appeared in this matter through counsel..

**FLSA COVERAGE**

33.     At all relevant times, Robinson has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

34.     At all relevant times, Robinson has been an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

35.     At all relevant times, Robinson has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as personal protective equipment, tools, drills, computers, tablets, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

36.     At all relevant times, Robinson has had an annual gross volume of revenue made or business done of over $1,000,000 each year.

37.     At all relevant times, Plaintiffs and the other Hourly Employees have been Robinson's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

38.     At all relevant times, Plaintiffs and the other Hourly Employees have been engaged in commerce or in the production of goods for commerce.

**FACTS**

39.     Robinson operates the Robinson Mine, which is "located in White Pine County, Nevada, … [and] includes three large pits[,] … [from which,] copper, gold and silver and recently molybdenum have been extracted."[1]

40.     Robinson is 100% owned by KGHM Polska Miedź S.A., which owns, controls, and operates two mines in the United States, one in Nevada and one in Arizona.[2]

---

[1] https://kghm.com/en/our-business/mining-and-enrichment/robinson (last visited June 26, 2025).
[2] *Id. and* https://kghm.com/en/about-us/where-we-operate (last visited July 8, 2025).

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

41.    To meet its business objectives, Robinson hires workers, like Plaintiffs and the other Hourly Employees.

42.    While exact job titles and job duties may differ, Plaintiffs and the other Hourly Employees are subject to Robinson's same or similar illegal policies—its pre/post shift off the clock policy and bonus pay scheme—while performing the same or similar work.

43.    For example, Christensen worked for Robinson as a mechanic and welder from approximately April 2018 until June 2025.

44.    Christensen's job duties included monitoring and repairing metal components, such as mounting brackets, general welding, and maintenance tasks, such as changing oil.

45.    Hansen worked for Robinson as an equipment operator from approximately July 2020 until March 2024.

46.    As an equipment operator, Hansen's job duties included operating mining equipment, ensuring machines operated smoothly, maintaining compliance with safe operating guidelines, maintaining stable and ventilated mining areas, loading haul trucks, and delivering materials to dump sites, as directed by Robinson.

47.    Hansen's job duties likewise included donning and doffing safety gear and protective clothing "off the clock," on Robinson's premises before and after his scheduled shifts.

48.    Robinson paid Plaintiffs by the hour.

49.    Robinson paid Hansen approximately $33 an hour.

50.    Robinson paid Christensen approximately $36.90 an hour.

51.    Throughout their employment, Plaintiffs worked approximately 4 to 5 days a week and 12 hours a day "on the clock" (48-60 hours a workweek).

52.    For example, during the last week of January 2024, Hansen worked approximately 50 to 60 hours.

53.    Likewise, the other Hourly Employees generally work approximately 4 to 5 days a week for approximately 12 hours a day "on the clock" (48-60 hours a workweek).

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

54.    Robinson tracks Plaintiffs' and the other Hourly Employees' "on the clock" hours using the timekeeping system it selects and controls.

55.    But throughout their employment, Robinson has not paid Hansen and the other Hourly Employees for all their hours worked.

56.    Instead, Robinson subjects Hansen and the other Hourly Employees to its pre/post shift off the clock pay scheme.

57.    For example, Robinson required Hansen to dress out in his protective clothing and safety gear (including hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, gloves)"off the clock," on its premises and without compensation.

58.    This took Hansen approximately 20 to 30 minutes each workday.

59.    Hansen could not perform his job duties in accordance with Robinson's policies, procedures, and expectations without this protective clothing, safety gear, and equipment.

60.    Hansen could not safely perform his job duties in accordance with Robinson's policies, procedures, and expectations without this protective clothing, safety gear, equipment, and instruction.

61.    Indeed, much of the safety gear Hansen must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq*; 30 C.F.R. § 57, *et seq.*

62.    The donning of protective clothing and safety gear were integral and indispensable work duties for Hansen because these duties were fundamentally intertwined with his other mining job duties.

63.    Likewise, Robinson required Hansen to remove and store his safety gear and protective clothing after "clocking out" for his shifts, while still on Robinson's premises "off the clock" and without compensation.

64.    This took Hansen approximately 10 to 15 minutes each workday.

65.    Hansen could not perform his job duties in accordance with Robinson's policies, procedures, and expectations without removing and storing his safety gear and protective clothing.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

66.    Hansen could not safely perform his job duties in accordance with Robinson's policies, procedures, and expectations without removing his safety gear and protective clothing.

67.    The removal and storage of his safety gear and protective clothing are therefore integral and indispensable work duties for Hansen.

68.    But under its pre/post shift off the clock policy, Robinson did not compensate Hansen for the same.

69.    Thus, because of its pre/post shift off the clock policy, Robinson failed to pay Hansen wages for all hours worked, including overtime wages for all overtime hours worked, in violation of the FLSA and Nevada Law.

70.    Plaintiffs and the other Hourly Employees perform their jobs under Robinson's supervision and use materials, equipment, and technology Robinson approves and supplies.

71.    Robinson requires Plaintiffs and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

72.    At the end of each pay period, Plaintiffs and the other Hourly Employees receive wages from Robinson that are determined by common systems and methods that Robinson selects and controls.

73.    But, just as with Plaintiffs, Robinson fails to pay the other Hourly Employees for all their hours worked.

74.    Indeed, Robinson subjects the other Hourly Employees to its pre/post shift off the clock policy.

75.    Specifically, like Hansen, Robinson requires the other Hourly Employees to dress out in their protective clothing and safety gear (including hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, dust masks, respirators, gloves), prior to their scheduled shifts, "off the clock," and without compensation.

76.    As with Hansen, much of the safety gear the other Hourly Employees must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq*; 30 C.F.R. § 57, *et seq.*

77.    And Robinson requires the other Hourly Employees to remove and store their safety gear and protective clothing after "clocking out" for their shifts, "off the clock" and without compensation.

78.    And like Hansen, these job duties take the other Hourly Employees approximately 30 to 45 minutes each workday.

79.    Robinson fails to exercise its duty as the Hourly Employees' employer to ensure they are not performing work "off the clock" on its premises that Robinson does not want performed.

80.    And Robinson knows, should know, or recklessly disregards whether Hansen and the other Hourly Employees routinely perform work "off the clock," and without compensation, before and after their scheduled shifts.

81.    Thus, Robinson requires, requests, suffers, or permits Hansen and the other Hourly Employees to work "off the clock," without compensation, before and after their scheduled shifts, on its premises.

82.    Despite accepting the benefits, Robinson does not pay Hansen and the other Hourly Employees for the compensable work they perform "off the clock" before and after their scheduled shifts.

83.    Thus, under Robinson's pre/post shift off the clock policy, Hansen and the other Hourly Employees are denied wages, including overtime wages, for compensable work they perform "off the clock" before and after their scheduled shifts, in violation of the FLSA and Nevada law.

84.    Further, throughout their employment, Robinson paid Plaintiffs and the other Hourly Employees according to its bonus pay scheme.

85.    Specifically, Robinson agreed to pay, and indeed, subsequently paid Plaintiffs and the other Hourly Employees non-discretionary bonuses, such as safety bonuses, productivity bonuses,

referral bonuses, and gainshare bonuses, calculated at least in part based on the number of hours worked by each Hourly Employee.

86. But Robinson fails to include these nondiscretionary bonuses in Plaintiffs' and the other Hourly Employees' regular rates of pay for overtime purposes.

87. For example, during the pay period ending April 13, 2025, Robinson paid Christensen a "Gainshare" bonus of $2,369.67, as well as an unlabeled payment of $170.48:But Robinson

| Pay Period: 03-31-2025 | to 04-13-2025 | | | |
|---|---|---|---|---|
| Earnings | Hours | Rate | Current | YTD |
| Regular-Sal | 87.26 | 36.90 | 3,219.92 | 20,690.26 |
| Offsite | | | | 389.30 |
| OT PrimeRate | 9.88 | 18.45 | 182.29 | 1,284.67 |
| RM PPL | | | | 1,751.64 |
| Bereavement | | | | 1,328.40 |
| Gainshare | | | 2,369.37 | 5,085.58 |
| Boot Allow | | | | 200.00 |
| Tool Allow | | | 742.40 | 742.40 |
| Holiday Pay | | | | 1,180.80 |
| Holiday 1.5 | | | | 2,749.78 |
| Excess Life | | | 132.08 | 528.32 |
| HSA - EMP+ | | | | 750.00 |
| 401K CoMtch | | | 173.15 | 1,033.83 |
| Safe Harbor | | | 173.15 | 1,033.82 |
| | | | 170.48 | 1,363.84 |
| * Sick Taken/Available * | 47.47 | | | 17.18 |
| * Vacation Taken/Available * | | | | 143.32 |

...510.00 * Taxable 5,056.82 * Deductions 2,559.97 * Net 3,954

excluded these nondiscretionary bonuses, based on its criteria, from Christensen's regular rate of pay for overtime purposes.

88. As a result, Robinson fails to pay Plaintiffs and the other Hourly Employees overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked over 40 a workweek, in violation of the FLSA and Nevada law.

89. Finally, under its uniform deduction policy, Robinson deducts earned wages from Christensen and other Hourly Employees for uniforms of a particular style, color, and material it issued and the dry cleaning of these uniforms.

90.    For example, during the pay period ending Aprily 13, 2025, Robinson made a $12 "Uniform Ded" from Christensen's earned wages:

| Deductions | Current | YTD |
|---|---|---|
| ---------- Gross ---------- | 6,513.98 | 35,402.83 |
| Federal Income Tax | 1,007.96 | 4,529.14 |
| Federal FICA Withheld | 405.10 | 2,172.13 |
| Federal Medicare Withheld | 94.74 | 508.00 |
| HSA-EE+ | 89.59 | 716.72 |
| Health - E+1 | 22.50 | 180.00 |
| Uniform Ded | 12.00 | 96.00 |
| life | 6.60 | 52.80 |
| Vol. EE Life | 46.95 | 375.60 |
| 401K % | 346.29 | 2,067.61 |
| 401K CU% | 230.86 | 1,378.42 |
| 401(K) LOAN  - 3822 | 297.38 | 2,379.04 |

91.    As a result of its unlawful deduction of wages for the use and cleaning of it uniforms, Robinson fails to timely pay Christensen and other Hourly Employees all earned wages, in violation of Nevada law.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

92.    Plaintiffs bring their claims as a class and collective action under Section 216(b) of the FLSA and under Nevada law pursuant to FED. R. CIV. P. 23.

93.    Like Plaintiffs, the other Hourly Employees are victimized by Robinson's pre/post shift off the clock policy, uniform deduction policy, and/or bonus pay scheme.

94.    Other Hourly Employees worked with Plaintiffs and indicated they were paid in the same manner, performed similar work, and were subject to Robinson's same pre/post shift off the clock policy, uniform deduction policy, and/or bonus pay scheme.

95.    Based on their experiences with Robinson, Plaintiffs are aware Robinson's pre/post shift off the clock policy, uniform deduction policy, and bonus pay scheme were imposed on other Hourly Employees.

96.    The Hourly Employees are similarly situated in the most relevant respects.

97.    Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to wages for all hours worked, including overtime wages.

- 11 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

98.    Rather, the Hourly Employees are held together by Robinson's pre/post shift off the clock policy, uniform deduction policy, and bonus pay scheme, which systematically deprive them of required wages, including required overtime wages, for all hours worked, including hours in excess of 40 in a workweek.

99.    Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

100.    Robinson's failure to pay these employees "straight time" and overtime wages at the rates required by the FLSA and/or Nevada law results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Hourly Employees.

101.    The Hourly Employees are denied earned wages and overtime wages at the required premium rates for all overtime hours worked when they work more than 40 hours in a workweek.

102.    Robinson's records show the number of hours the Hourly Employees worked "on the clock" each workweek.

103.    Robinson's records likewise show it paid the Hourly Employees nondiscretionary bonuses it failed to include in their regular rates of pay for overtime purposes.

104.    And Robinson's records further show it deducted from the Hourly Employees' earned wages for uniforms and the cleaning of the uniforms.

105.    The back wages owed to Plaintiffs and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

106.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Robinson's records, and there is no detraction from the common nucleus of liability facts.

107.    Therefore, the issue of damages does not preclude class or collective treatment.

108.    Plaintiffs' experiences are therefore typical of the experiences of the other Hourly Employees.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

109. Plaintiffs have no interest contrary to or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

110. Like each Hourly Employee, Plaintiffs have an interest in obtaining the unpaid wages owed under federal and Nevada law.

111. Plaintiffs and their counsel will fairly and adequately protect the interests of the other Hourly Employees.

112. Plaintiffs retained counsel with significant experience in complex class and collective action litigation.

113. A class and collective action is superior to other available means for fair and efficient adjudication of this action.

114. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Robinson will reap the unjust benefits of violating the FLSA and Nevada law.

115. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome.

116. Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Robinson.

117. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

118. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual Hourly Employees.

119. Among the common questions of law and fact are:

a. Whether Robinson's pre/post shift off the clock policy failed to compensate the Hourly Employees for all hours worked;

b. Whether Robinson's pre/post shift off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a workweek;

- 13 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

c.    Whether Robinson's pre/post shift off the clock policy deprived the Hourly Employees of earned wages upon termination of employment;

d.    Whether Robinson's bonus pay scheme deprived the Hourly Employees of overtime wages at the required rate, based on all remuneration, when they worked more than 40 hours in a workweek;

e.    Whether Robinson's bonus pay scheme deprived the Hourly Employees of earned wages, including overtime wages, upon termination of employment;

f.    Whether Robinson's uniform deduction policy deducted earned wages from the Hourly Employees for the use and cleaning of distinctive uniforms issued by Robinson;

g.    Whether Robinson's uniform deduction policy deprived the Hourly Employees of earned wages, including overtime wages, upon termination of employment;

h.    Whether Robinson's decision not to pay the Hourly Employees all "straight time" and overtime wages due was made in good faith; and

i.    Whether Robinson's violations were willful.

120.    Robinson's pre/post shift off the clock policy, uniform deduction policy, and bonus pay scheme deprived Plaintiffs and the other Hourly Employees of wages, including overtime wages, they are owed under federal and Nevada law.

121.    There are many similarly situated Hourly Employees who have been denied wages, including overtime wages, in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

122.    The Hourly Employees are known to Robinson and can be readily identified and located through Robinson's business and personnel records.

- 14 -

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

*Hansen, et al. v. Robinson Nevada Mining Company*

**ROBINSON'S VIOLATIONS WERE WILLFUL**

123.    Robinson knew it was subject to the FLSA's overtime provisions and Nevada Law's minimum wage, hours of work, overtime, and earned wages provisions.

124.    Robinson knew the FLSA and Nevada law required it to pay non-exempt employees, including the Hourly Employees, for all hours worked, including overtime wages at rates not less than 1.5 times their true regular rates of pay for all hours worked after 40 in a workweek.

125.    Robinson knew each Hourly Employee worked more than 40 hours in at least one workweek during the relevant period.

126.    Robinson knew it paid its Hourly Employees according to its pre/post shift off the clock policy, uniform deduction policy, and/or bonus pay scheme.

127.    Robinson knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

128.    Robinson knew it required the Hourly Employees to don and doff safety gear and protective clothing "off the clock."

129.    Robinson knew it controlled the Hourly Employees' work procedures.

130.    Robinson knew its Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs.

131.    Robinson knew its Hourly Employees' mandatory "off the clock" work was an integral and indispensable requirement of their jobs.

132.    Robinson knew its Hourly Employees routinely performed this daily, required "off the clock" work for Robinson's predominant benefit.

133.    In other words, Robinson knew its Hourly Employees performed compensable work (*e.g.*, donning/doffing their safety gear and protective clothing) "off the clock" and without compensation.

134.    Robinson knew it paid the Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for overtime purposes.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

135. And Robinson knew it deducted earned wages from the Hourly Employees for the use and cleaning of uniforms.

136. Robinson knew its pre/post shift off the clock policy, and uniform deduction policy, and bonus pay scheme failed to compensate the Hourly Employees for all hours worked, including overtime hours, at the required rates.

137. Robinson knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and Nevada law.

138. Robinson knowingly, willfully, and/or in reckless disregard carried out its pre/post shift off the clock policy and bonus pay scheme that systematically deprived the Hourly Employees of "straight time" wages, earned wages, and overtime for their hours worked over 40 in a workweek, in violation of the FLSA and Nevada law.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

139. Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

140. Robinson violated, and is violating, the FLSA by employing non-exempt employees (the FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay— based on all remuneration—for all hours worked in excess of 40 a workweek.

141. Robinson's unlawful conduct harmed the FLSA Collective Members by depriving them of the overtime wages they are owed.

142. Accordingly, Robinson owes the FLSA Collective Members the difference between the rate actually paid and the required overtime rate based on all remuneration.

143. Because Robinson knew, or showed reckless disregard for whether, its pre/post shift off the clock policy and/or bonus pay scheme violated the FLSA, Robinson owes the FLSA Collective Members these wages for at least the past 3 years.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

144. Robinson is also liable to the FLSA Collective Members for an amount equal to all their unpaid wages as liquidated damages.

145. Finally, the FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT II
### FAILURE TO PAY FOR ALL HOURS WORKED
### (NEVADA CLASS MEMBERS)

146. Plaintiffs bring their claim for failure to pay for all hours worked as a class action on behalf of themselves and the other Nevada Class Members under Nevada law pursuant to FED. R. CIV. P. 23.

147. The Nevada Class Members have a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark, 406 P.3d 499, 504* (Nev. 2017).

148. At all relevant times, Robinson was subject to Nevada law because Robinson was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

149. At all relevant times, Robinson employed each Neveada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

150. NRS 608.016 provides that "an employer shall pay to the employee[s] wages for each hour the employee[s] worked." Nev. Rev. Stat. § 608.016.

151. Specifically, pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." Nev. Admin. Code 608.115(1).

152. Robinson failed to compensate the Nevada Class Members for all hours worked, as described in this Complaint.

153. Accordingly, the Nevada Class Members "bring a civil action to recover the difference between the amount paid to [the Nevada Class Members] and the amount of the minimum wage," for each hour worked. Nev. Rev. Stat. § 608.260.

- 17 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

154. As noted, Robinson did not compensate the Nevada Class Members for integral and indispensable work before and after their shifts, performed under Robinson's direction and control and on Robinson's premises.

155. Nevada's Minimum Wage Amendment to the Nevada Constitution, Nev. Const. Art. 15, § 16, guarantees a minimum wage for each individual hour worked, rather than as an average over a workweek. *See Porteous v. Capital One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020).

156. The Nevada Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Robinson's company-wide policies and practices.

157. As a direct and proximate result,  the Nevada Class Members have suffered, and continue to suffer, substantial damages.

158. Robinson regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to the Nevada Class Members.

159. Through this unlawful course of conduct, Robinson has deprived and continues to deprive the Nevada Class Members of records necessary to calculate with precision the compensation due to them.

160. Robinson's actions were (and are) willfully oppressive, fraudulent and malicious, entitling the Nevada Class Members to punitive damages.

161. Robinson's violations were intentional.

162. In accordance with N.R.S. 608.140, demand has been made to Robinson for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

163. Accordingly, the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

## COUNT III
### FAILURE TO PAY MINIMUM WAGES
### (NEVADA CLASS MEMBERS)

164. Plaintiffs bring their failure to pay minimum wages claim as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to FED. R. CIV. P. 23.

165. The Nevada Class Members have a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark, 406 P.3d 499, 504* (Nev. 2017).

166. At all relevant times, Robinson was subject to Nevada law because Robinson was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

167. At all relevant times, Robinson employed each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

168. Nev. Const. Art. 15, § 16 sets forth the minimum wage requirements in the State of Nevada. Section 16 provides that:

> The provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs.

169. Accordingly, the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

## COUNT IV
### FAILURE TO PAY OVERTIME WAGES
### (NEVADA CLASS MEMBERS)

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

170. Plaintiffs bring their failure to pay overtime claim as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to FED. R. CIV. P. 23.

171. The Nevada Class Members have a private cause of action for unpaid overtime wages pursuant to NRS 608.140. *Neville v. Eighth Judicial District Court in and for County of Clark, 406 P.3d 499, 504* (Nev. 2017).

172. At all relevant times, Robinson was subject to Nevada law because Robinson was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

173. At all relevant times, Robinson employed each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

174. Nevada law requires that employers, such as Robinson, pay employees, such as the Nevada Class Members at least 1.5 times their regular rate of pay for all hours worked in excess of 40 a workweek. Nev. Rev. Stat. § 608.018(2).

175. The Nevada Class Members have been deprived of their overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek as a direct and proximate result of Robinson's pre/post shift off the clock policy and bonus pay scheme.

176. Robinson regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Hansen and the Nevada Class Members.

177. Through this unlawful course of conduct, Robinson has deprived and continues to deprive the Nevada Class Members of records necessary to calculate with precision the overtime compensation due to them.

178. Robinson's actions were willfully oppressive, fraudulent and malicious, entitling the Nevada Class Members to punitive damages.

179. Robinson's violations were intentional.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

180.    In accordance with N.R.S. 608.140, demand has been made to Robinson for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

181.    Accordingly, the Nevada Class Members are entitled to recover unpaid overtime wages owed, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

**COUNT V**
**FAILURE TO PAY ALL WAGES UPON TERMINATION**
**(NEVADA CLASS)**

182.    Plaintiffs bring their failure to timely pay wages claims as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to FED. R. CIV. P. 23.

183.    The Nevada Class Members have a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark, 406 P.3d 499, 504* (Nev. 2017).

184.    At all relevant times, Robinson was subject to Nevada law because Robinson was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

185.    At all relevant times, Robinson employed the Nevada Class Members as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

186.    When an employer, such as Robinson, terminates an employee, such as the Nevada Class Members, their earned but unpaid wages and compensation become due and payable immediately at the moment of discharge or become due and payable to a quitting or resigning Nevada Class Member within 7 days or the next regular payday. Nev. Rev. Stat. §§ 608.020 and 608.030.

187.    Employers that do not pay discharged employees all earned wage "[w]ithin 3 days after the wages or compensation of a discharged employee becomes due" and pay quitting or resigning employees "on the day the wages or compensation is due" are subject to a penalty equivalent to "the wages or compensation of the employee at the same rate from the day the employee resigned, quit or was discharged or placed on nonworking status until paid or for 30 days, whichever is less." Nev. Rev. Stat. 608.040(1)(a-b).

- 21 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

188.   NRS 608.050 grants that "[e]very employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as the employee would have been entitled to had the employee rendered services therefor in the manner as last employed" for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default." Nev. Rev. Stat. § 608.050.

189.   By failing to pay the Nevada Class Members for all hours worked (including earned minimum wages, regular wages, and/or overtime wages) at the required rates based on all remuneration, Robinson has failed to timely pay all wages due and owing to the Nevada Class Members who have separated their employment.

190.   Robinson's violations were intentional.

191.   The Nevada Class Members who are no longer employed by Robinson are entitled to recover an additional 30 days' wages under NRS 608.050, plus costs, interest, and attorneys' fees, as provided by Nevada law, and all other appropriate relief under Nevada law including, but not limited to all available damages and penalties.

### COUNT VI
### UNLAWFUL WAGE DEDUCTIONS FOR SPECIAL UNIFORMS, ACCESSORIES AND CLEANING
### (NEVADA CLASS)

192.   Plaintiffs bring their claims unlawful wage deductions for special uniforms, accessories, and cleaning as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to FED. R. CIV. P. 23.

193.   The Nevada Class Members have a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark, 406 P.3d 499, 504* (Nev. 2017).

194.   At all relevant times, Robinson was subject to Nevada law because Robinson was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

- 22 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

195.    At all relevant times, Robinson employed the Nevada Class Members as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

196.    Nevada law requires "**[a]ll** uniforms or accessories distinctive as to style, color or material **shall** be furnished, without cost, to employees by their employer. If a uniform or accessory requires a special cleaning process, and cannot be easily laundered by an employee, such employee's employer shall clean such uniform or accessory without cost to such employee. Nev. Rev. Stat. § 608.165.

197.    Nonetheless, Robinson deducts earned wages from Nevada Class Members each pay period for the use and cleaning of its uniforms.

198.    By deducting wages from the Nevada Class Members for the uniforms its provides and the dry cleaning of those uniforms, Robinson has failed to timely pay all earned wages due and owing to the Nevada Class Members.

199.    The Nevada Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Robinson's company-wide uniform deduction policy and practice.

200.    As a direct and proximate result, the Nevada Class Members have suffered, and continue to suffer, substantial damages.

201.    Robinson's actions were willfully oppressive, fraudulent and malicious, entitling the Nevada Class Members to punitive damages.

202.    Robinson's violations were intentional.

Accordingly, the Nevada Class Members are entitled to recover unpaid wages owed, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

### JURY DEMAND

203.    Plaintiffs demand a trial by jury on all Counts.

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.  An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.  An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.  An Order appointing Plaintiffs and their counsel to represent the interests of the Hourly Employees;

d.  An Order finding Robinson liable to the Hourly Employees for their unpaid overtime wages, liquidated damages, and any penalties, owed under the FLSA, plus interest;

e.  An Order finding Robinson liable to the Hourly Employees for their unpaid minimum wages, overtime wages, earned wages, unlawful deductions, penalties, and all damages, including punitive damages, owed and available under Nevada law, plus interest;

f.  A Judgment against Robinson awarding the Hourly Employees all their unpaid wages, including overtime wages, liquidated damages, statutory damages, and any other penalties available under the FLSA and/or Nevada law;

g.  An Order awarding attorney's fees, costs, and expenses;

h.  Pre- and post-judgment interest at the highest applicable rates; and

i.  Such other and further relief as may be necessary and appropriate.

- 24 -
AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*

Dated: December 2, 2025.

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: /s/ *Alyssa J. White*
Alyssa J. White
TX Bar No. 24073014
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
awhite@mybackwages.com

Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

**ATTORNEYS FOR PLAINTIFFS &
THE HOURLY EMPLOYEES**

AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Hansen, et al. v. Robinson Nevada Mining Company*