Sarah Ferguson (NSBN 14515)
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
SFerguson@parsonsbehle.com

Christina Jepson (*Pro Hac Vice Application Forthcoming*)
Hannah J. Ector (*Pro Hac Vice Application Forthcoming*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone ( 801) 532-1234
CJepson@parsonsbehle.com
HEctor@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant*
*Robinson Nevada Mining Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA HANSEN and ROBERT CHRISTENSEN, individually and on behalf of other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBINSON NEVADA MINING COMPANY,<br><br>    Defendant. | Case No. 2:25-cv-01237-RFB-NJK<br><br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AMENDED COMPLAINT** |

Defendant Robinson Nevada Mining Company ("Robinson") by and through undersigned counsel of record, Sarah Ferguson, Christina Jepson, and Hannah J. Ector, of Parsons Behle & Latimer, respectfully moves this Court to stay discovery in this matter pending resolution of Robinson's motion to dismiss Plaintiffs' Amended Complaint (ECF No. 24).[1]

---

[1]    To the extent LR IA 26-7(c) applies in this case, counsel for Robinson has met and conferred as defined by LR IA 1-3(f) with counsel for Plaintiffs in this matter. Plaintiffs oppose this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Robinson operates a copper mine in White Pine County, Nevada, a mine that is the engine of the local economy. Dakota Hansen, the first named Plaintiff in this case, was employed by Robinson as an equipment operator from July 2020 through March 2024. Robinson terminated Hansen after he threatened to drive a dozer through the mine's administrative building and alluded to stabbing or killing his direct supervisors. A protective order was subsequently granted against Hansen in September 2024.

In July 2025, Hansen filed an "Original Class and Collective Action Complaint and Demand for Jury Trial" against Robinson, alleging one count under the Fair Labor Standards Act and three counts under Nevada wage and hour law. ECF No. 1 ("Compl.").  Specifically, Hansen claimed he and others similarly situated were not paid overtime under the Fair Labor Standards Act ("FLSA") for time spent donning and doffing safety protection such as hard hats, reflective clothing, ear protection, steel toed boots, safety glasses, and gloves. Compl. ¶¶ 51, 128-134 (Count I). He also claimed Robinson failed to take into account nondiscretionary bonuses in the calculation of overtime pay. Compl. ¶¶ 82, 128-134 (Count I). Hansen raised the same claims under Nevada wage and hour laws. Compl. ¶¶ 135-152, 159-170 (Counts IV and V). Finally, Hansen claimed he and others similarly situated were not paid minimum wage under Nevada law. Compl. ¶¶ 153-158 (Count III).

Robinson filed a motion to dismiss Hansen's Complaint, pointing out its fatal deficiencies, and concurrently filed a motion to stay pending decision on the motion to dismiss. ECF Nos. 17, 18. In response, Hansen and an additional Plaintiff, Robert Christensen, amended the complaint, removing one allegation which lacked factual basis but otherwise making allegations nearly identical to the original complaint. ECF No. 21 ("Am. Compl."). Plaintiffs also added two additional counts, alleging that Robinson improperly deducted wages for uniform laundering and that Robinson failed to pay all wages upon termination. Robinson thus filed a renewed motion to dismiss (the "Motion").  Because granting this renewed motion to dismiss would dispose of all claims (for the same reasons raised in the previous motion to stay), Robinson moves this Court to

PARSONS
BEHLE &
LATIMER

2

stay all discovery in this matter until this renewed motion to dismiss is decided.

## II.   LEGAL STANDARD

This Court has "wide discretion" to determine whether a stay is appropriate. *Flynn v. Nev.*, 345 F.R.D. 338, 343 (D. Nev. 2024) (*citing Little v. City of Seattle¸* 863 F.2d 681, 685 (9th Cir. 1988)) (internal quotation marks omitted). Discovery may be stayed when the moving party shows: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

## III.   ARGUMENT

The Motion seeks dismissal of all causes of action in Plaintiffs' amended complaint under Rule 12(b)(6). Thus, it is clearly dispositive of all claims. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). Further, the Motion will necessarily be determined without need for additional discovery, as "[i]n considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007), *aff'd in part, dismissed in part sub nom. Tracy v. U.S. Dep't of Treasury*, 301 F. App'x 675 (9th Cir. 2008) (citation omitted). Thus, the only remaining question for this Court is whether, after a "preliminary peek," the Court is convinced that Plaintiffs will be unable to state a claim for relief. *Id.*

Even if the Court does not agree that Robinson is likely to succeed on every aspect of its Motion, it is clear the federal claims are insufficiently plead to withstand dismissal. A motion which would result in "no claims proceeding in the federal court" should also be considered dispositive under these circumstances." *Longmore v. HomeXpress Mortg. Corp.*, No. 2:25-CV-01332-RFB-EJY, 2025 WL 2926890, at *1 (D. Nev. Oct. 14, 2025); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966) (generally "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); 28 U.S.C. § 1367(c)(3). Accordingly, this Court should stay this matter until after determination of the Motion.

### A. Plaintiffs Cannot State a Claim for Failure to Pay Overtime under the FLSA (Count I).

Plaintiffs cannot state a claim for unpaid overtime under the FLSA because the activities they allege went unpaid are not compensable as a matter of law in this Circuit. Donning and doffing of a "hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, gloves" (Am. Compl., ¶ 57) is simply not compensable time under the FLSA because those activities are *de minimis*. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 904 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005) (donning and doffing of "non-unique protective gear such as hardhats and safety goggles" *de minimis* as a matter of law); *see also* Motion at § A(1).[2] Not a single court in this Circuit has concluded otherwise and indeed many other courts have found plaintiffs like Hansen or Christensen failed to state a claim for unpaid wages under these circumstances. *Id.* (citing *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 594 (2d Cir. 2007); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1126, n.1 (10th Cir.1994); *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 400 (5th Cir. 2020); *Levias v. Pac. Mar. Ass'n*, 760 F. Supp. 2d 1036, 1057 (W.D. Wash. 2011); *White v. Tip Top Poultry, Inc.*, No. 4:07-CV-101-HLM, 2008 WL 11470959, at \*16 (N.D. Ga. Sept. 16, 2008)).

Nor can Plaintiffs state a claim under the FLSA because alleged "nondiscretionary bonuses" under C.F.R. § 778.211(b) were not factored into the overtime calculation. Plaintiffs' allegations regarding nondiscretionary bonuses are conclusory and are not supported by the facts. Motion at § A(2). Because Plaintiffs' make only conclusory allegations lacking any specificity, the claims should be dismissed. *See Flores v. Marriott Resorts Hosp. Corp.*, No.CV188012JVSJPRX, 2019 WL 6792799, at \*3 (C.D. Cal. Sept. 23, 2019).

/ / /

---

[2]    Respirators are not the type of equipment which an employee would put on prior to clocking in. *See* Motion at § A(1). Even if they were, the time to don and doff respirators is also de minimis. *Id.*

PARSONS
BEHLE &
LATIMER

**B.      Plaintiffs Cannot State a Claim for Failure to Pay Minimum Wage under Nevada Law (Count III).**

Even taking Plaintiffs' allegations as true, Hansen and Christensen earned far more than Nevada's minimum wage during the relevant time period ($10.25 to $12.00 per hour). Motion at § C(1). In fact, based on Plaintiffs' allegations, Hansen earned nearly three times Nevada's minimum wage, and Christensen more than that. *Id.* Hansen and Christensen cannot be class representatives under this cause of action (*see* Fed. R. Civ. P. 23(a)(1)(3); Nev. R. Civ. P. 23(a)(1)(3)), but even if he could, he provided no information whatsoever regarding other employees' rate of pay that would plausibly suggest any other employee was not paid overtime.[3]

**C.      Plaintiffs Cannot State a Claim for Failure to Pay Hours Worked or Overtime under Nevada Law (Counts II-IV).**

Plaintiffs cannot make out a claim for overtime or unpaid time under state law for the same reason they cannot make out these claims under the FLSA – namely, because time spent donning and doffing is not compensable. *See* Motion at § C(2); (D). What is more, the Nevada law explicitly excludes from wages "any bonus or arrangement to share profits." NRS § 608.012. Thus, in addition to the reasons noted above regarding Count I, Plaintiffs' state-law overtime claims fail to the extent they rest on Plaintiffs' theory that "nondiscretionary bonuses" should have been included in the overtime calculation under Nevada law.

/ / /

/ / /

---

[3]      To the extent this Court may look to *Wieben v. Nevada Gold Mines LLC*, No. 3:24-CV-00575-MMD-CSC, 2025 WL 1785885 (D. Nev. June 27, 2025) in engaging in its "preliminary peek," *Wieben* is distinguishable. First, in *Wieben*, the district court found that the plaintiffs had adequately plead specific, compensable work for which they had not been paid. *Id.* at * 4. By contrast, the alleged "work" here (donning and doffing standard safety equipment) is not recognized under the law as "work" which requires pay. Motion at §§ A(1); C(2). Further, since *Wieben*, the Nevada Legislature has incorporated additional provisions of the FLSA into Nevada law. *See* NRS § 608.016, 608.018 (expressly incorporating the FLSA). With respect to calculating overtime, Nevada law has incorporated FLSA regulations, and the FLSA employs the workweek approach which was rejected by *Wieben*. *Douglas v. Xerox Business Servs.*, LLC, 875 F.3d 884, 885 (9th Cir. 2017).

PARSONS
BEHLE &
LATIMER

**D.    Plaintiffs Cannot State a Claim for Failure to Timely Issue Final Paychecks (Count V)**

Plaintiffs fail to state a claim regarding the timeliness of final paychecks. First, Plaintiffs cannot restate their claims under NRS §§ 608.016 and 608.018 under NRS § 608.020-050. *See Martel v. HG Staffing, LLC*, 138 Nev. 602, 609, 519 P.3d 25, 33 (2022); Motion § C(3). Moreover, Plaintiffs fail to make any allegations establishing the alleged untimeliness of paychecks, or any specifics about any purported deficiencies in the final paychecks.

**E.    Plaintiffs Cannot State a Claim for Unlawful Wage Deduction (Count VI)**

Plaintiffs cannot state a claim for an unlawful wage deduction for alleged deduction for use and cleaning of uniforms because the cited statute does not provide a private right of action. *See* NRS § 608.165; *Mayweather v. CVSM, LLC*, No. 220CV01111CDSVCF, 2023 WL 3852098, at *5 (D. Nev. June 5, 2023); Motion at § E. Even if there were, Plaintiffs do not allege facts which could make out a claim for unlawful wage deduction. NRS § 608.165 requires only that employers clean "uniforms or accessories distinctive as to style, color or material" which "cannot be easily laundered by an employee." The only part of the uniform capable of laundering in the Amended Complaint are "reflective clothing." But reflective clothing is ubiquitous and not distinctive in any way. Accordingly, failure to provide free laundering services for this clothing would not be a violation of NRS § 608.165 as a matter of law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IV.    **CONCLUSION**

For the reasons outlined above and in the Motion, Robinson respectfully requests this Court enter a stay of discovery until after resolution of the Motion consistent with the overarching policy of Rule 1 of the Federal Rules of Civil Procedure.

DATED this 15th day of January, 2026.

PARSONS BEHLE & LATIMER

*/s/ Sarah Ferguson*
Sarah Ferguson (NSBN 14515)
50 W. Liberty Street, Suite 750
Reno, NV 89501
Telephone: (775) 323-1601
SFerguson@parsonsbehle.com

Christina Jepson
Hannah J. Ector
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone ( 801) 5321234
CJepson@parsonsbehle.com
HEctor@parsonsbehle.com
ecf@parsonsbehle.com
(*Pro Hac Vice Applications Forthcoming*)

*Attorney for Defendant*

PARSONS
BEHLE &
LATIMER

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of Parsons Behle & Latimer, and that on this 15th day of January, 2026, I filed a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of the Court through the CM/ECF system which sent electronic notification to the following:

Esther C. Rodriguez (NSBN 006473)
RODRIGUEZ LAW OFFICES, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
info@rodriguezlaw.com

Alyssa J. White (TSBN 24073014)
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston TX  77046
awhite@mybackwages.com

*Attorneys for Plaintiff*

 /s/ *Nancy A. Prout*
Employee of Parsons Behle & Latimer

PARSONS
BEHLE &
LATIMER

8